# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

APRIL MELISSA GARCIA,        :
                          :
        Plaintiff,         :
                          :
        v.              : Civ. No. 18-1816-LPS
                          :
REMINGTON EPILATOR,      :
                          :
        Defendant.      :

---

April Melissa Garcia, Elkton, Maryland, Pro Se Plaintiff.

# MEMORANDUM OPINION

September 24, 2019
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff April Melissa Garcia ("Plaintiff") filed this action on November 19, 2018, alleging patent infringement.  (D.I. 2)  She proceeds *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 4)  She also requests counsel.  (D.I. 7)  The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## II.   BACKGROUND

Plaintiff alleges that the Remington "Epilator" electric tweezer is her invention.  She saw her invention on the shelf at Bed Bath & Beyond "under Remington."  (D.I. 2 at 4)  Plaintiff alleges that she passed a lie detector test saying she is the inventor and was made aware of several brands having an electric tweezer under the name "epilator."  (*Id.*)  For relief Plaintiff wants "to prosecute to the full extent of the law."

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a

complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Under the Local Rules of this Court when a case involves a patent, "copies of the patents at issue shall be attached and filed with the complaint." D. Del. LR 3.2. Plaintiff did not comply with this rule. In addition, in cases involving patents and trademarks, a plaintiff shall complete form AO-120, Report on the Filing or Determination of an Action Regarding a Patent or Trademark, and include it with the case initiating document. *See e.g.*, Electronic Filing Tips for Attorneys found on the District Court's website, www.ded.uscourts.gov. Plaintiff did not comply with this requirement either.

Finally, the Complaint is deficiently pled. Plaintiff does not allege that she holds a patent or even identify the patent allegedly infringed by the Remington Epilator. Therefore, she cannot state a claim for patent infringement. *See GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996) ("Patent rights are created only upon the formal issuance of the patent[.]"). An issued patent is a prerequisite to subject matter jurisdiction in a patent dispute. *See id.* Accordingly, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

3

Plaintiff proceeds *pro se* and it is possible that she may be able to cure her pleading defects. Therefore, she will be given leave to file an amended complaint.

## V.     REQUEST FOR COUNSEL

Plaintiff requests counsel to advise her in this patent case. (D.I. 7) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155; *see also Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989)(§ 1915(d) (now § 1915(e)(1)) does not authorize federal court to require unwilling attorney to represent indigent civil litigant, as operative word in statute is "request").

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, and experience; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *See Tabron*, 6 F.3d at 157.

The motion will be denied as premature. Currently, there is no operative pleadings. In addition, it is far from clear that this Court has subject matter jurisdiction. Finally, Defendant has yet to be served. In light of the foregoing, the Court will deny without prejudice to renew Plaintiff's

4

request for counsel. (D.I. 7) Should the need for counsel arise later, one can be sought at that time.

## VI. CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii); (2) give Plaintiff leave to amend; (3) order Plaintiff to file a copy of the patent at issue and form AO-120; and (4) deny Plaintiff's request for counsel without prejudice to renew (D.I. 7).

An appropriate Order follows.